# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| STEPHEN CHARLES EDGECOMB,<br>*Plaintiff,*<br><br>-v-<br><br>MOHAVE COUNTY;<br>DOUG SHUSTER, in his official capacity as Mohave County Sheriff;<br>MOHAVE COUNTY SHERIFF'S DEPUTY WEAVER, Badge No. RA404, in his individual capacity;<br>JOHN AND JANE DOE MOHAVE ANIMAL CONTROL OFFICERS 1–5; JOHN AND JANE DOE MOHAVE COUNTY SHERIFF'S DEPUTIES 1–5; JOHN AND JANE DOE SUPERVISORS 1–5;<br>*Defendants.* | Case No.________________________<br><br>**COMPLAINT AND JURY DEMAND** |

**CIVIL ACTION FOR DAMAGES AND INJUNCTIVE RELIEF**

*This action alleges, inter alia, violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983 arising from retaliatory, discriminatory, and selectively enforced actions taken by Mohave County, its Animal Control personnel, and Sheriff's Office personnel, which interfered with Plaintiff's federally protected rights as a disabled individual utilizing a trained service animal. These unlawful acts, including the initiation and pursuit of a baseless criminal citation, were undertaken under color of state law and in violation of Plaintiff's rights secured by the Constitution and laws of the United States.*

Plaintiff STEPHEN CHARLES EDGECOMB, by and through his attorneys, LLG National AZ, P.C., and by way of Complaint, brings this action for damages and other equitable relief against Defendants MOHAVE COUNTY; DOUG SHUSTER, in his official capacity as Mohave County Sheriff; MOHAVE COUNTY SHERIFF'S DEPUTY WEAVER, Badge No. RA404, in his individual capacity; JOHN AND JANE DOE MOHAVE ANIMAL CONTROL OFFICERS

1–5; JOHN AND JANE DOE MOHAVE COUNTY SHERIFF'S DEPUTIES 1–5; and JOHN AND JANE DOE SUPERVISORS 1–5, alleging as follows:

## INTRODUCTION

1. This action arises from Mohave County's discriminatory, retaliatory, and selectively enforced actions against Plaintiff, a disabled individual who relies on a trained service animal for mobility and PTSD-related support. Acting under color of state law, personnel from Mohave County Animal Control and the Mohave County Sheriff's Office initiated and pursued a baseless "dog at large" criminal citation despite their knowledge of Plaintiff's disability, the service-animal context, and eyewitness accounts confirming that Plaintiff maintained continuous supervision and control of his service dog.

2. Defendants' conduct, including reliance on misleading or stale third-party submissions, disregard of exculpatory evidence, and misapplication of disability-access standards, interfered with Plaintiff's federally protected rights, chilled his lawful exercise of those rights, and caused significant emotional, physical, and consequential harm.

3. Plaintiff brings this action to redress violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, together with related state-law claims arising from Defendants' abuse of process, malicious prosecution, and negligent supervision and training.

## JURISDICTION AND VENUE

4. This is a civil action for damages and equitable relief against Defendants, who at all relevant times were acting under color of state law, arising from violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, including retaliation for protected activity, selective enforcement, and interference with Plaintiff's federally protected rights as a disabled individual utilizing a trained service animal.

5. This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, including the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy.

7. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b)(1)–(2) because all Defendants reside in this District or are governmental entities operating within it, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Mohave County, Arizona, which lies within this judicial district.

## PARTIES

8. At all times relevant hereto, Plaintiff STEPHEN CHARLES EDGECOMB is an adult resident citizen of the State of Arizona, residing in Mohave County, at the residential address of 3886 E. Thompson Avenue, Kingman, Arizona 86409.

9. At all times relevant hereto, Defendant MOHAVE COUNTY is a political subdivision of the State of Arizona, with a principal address for service of process believed to be 700 W. Beale Street, 3rd Floor, Kingman, Arizona 86401. Mohave County is sued for its own actions and omissions and for those of its departments, agents, and employees acting under color of state law.

10. At all times relevant hereto, Defendant MOHAVE COUNTY SHERIFF'S DEPUTY WEAVER, Badge No. RA404, in his individual capacity is, upon information and belief, employed by the Mohave County Sheriff's Department, with an address for service of process believed to be 600 W. Beale Street, Kingman, Arizona 86401.

11. At all times relevant hereto, Defendant DOUG SHUSTER, in his official capacity

as Mohave County Sheriff is, upon information and belief, responsible for the law-enforcement department of Mohave County, with an address for service of process believed to be 600 W. Beale Street, Kingman, Arizona 86401. This Defendant is sued in his official capacity.

12. At all times relevant hereto, Defendant JOHN DOE ANIMAL CONTROL OFFICERS 1–5 are individuals employed by Mohave County Animal Control whose true names and capacities are presently unknown to Plaintiff. These Defendants participated in, directed, approved, or failed to prevent the discriminatory, retaliatory, and selectively enforced actions described herein. They may be served through Mohave County Animal Control at 700 W. Beale Street, Kingman, Arizona 86401. They are sued in both their official and individual capacities.

13. At all times relevant hereto, Defendant JOHN DOE SHERIFF'S DEPUTIES 1–5 are individuals employed by the Mohave County Sheriff's Office whose true names and capacities are presently unknown to Plaintiff. These Defendants participated in, contributed to, or failed to prevent the unlawful enforcement actions described herein. They may be served through the Mohave County Sheriff's Office at 600 W. Beale Street, Kingman, Arizona 86401. They are sued in both their official and individual capacities.

14. At all times relevant hereto, Defendant JOHN DOE SUPERVISORS 1–5 are supervisory personnel within Mohave County Animal Control and/or the Mohave County Sheriff's Office whose true names and capacities are presently unknown to Plaintiff. These Defendants were responsible for training, oversight, supervision, and discipline of subordinate officers and personnel involved in the events described herein. They may be served through Mohave County at 315 N. 4th Street, P.O. Box 7000, Kingman, Arizona 86402. They are sued in both their official and individual capacities.

15. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently

unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

16. At all times relevant herein, Plaintiff Stephen Charles Edgecomb is a disabled individual who relies on a trained service animal, ELSEY, to mitigate symptoms associated with his disabilities, including mobility limitations and PTSD-related impairments.

17. Plaintiff's disability and ELSEY's service-animal status are documented in medical and administrative records, including a completed U.S. Department of Transportation Service Animal Air Transportation Form. These records confirm Plaintiff's disability and ELSEY's designation as a trained service animal.

18. ELSEY is a fully trained service animal who performs disability-related tasks for Plaintiff, including mobility assistance, grounding, and interruption of PTSD-related episodes. Plaintiff maintains continuous supervision and control of ELSEY through voice commands, hand signals, and proximity-based training methods consistent with accepted service-animal handling practices.

19. On or about September 21, 2025, Plaintiff was issued a "Dog at Large" criminal citation by Mohave County Sheriff's Office Deputy Weaver (Badge RA404). The citation alleged that ELSEY was "at large" in violation of Mohave County ordinances. The citation was based solely on a single photographic frame and did not reflect the actual circumstances of Plaintiff's supervision of his service animal.

20. At the time of the alleged incident, Plaintiff was present, supervising ELSEY, and maintaining control of his service animal. Multiple eyewitnesses, including witnesses Stroud and King, observed the interaction and confirm that ELSEY was not roaming, was not unsupervised, and was not behaving aggressively or in violation of any animal-control laws.

21. Witness Stroud observed Plaintiff actively engaged in service-animal training and confirmed that ELSEY remained within Plaintiff's control at all relevant times. Witness King similarly observed that ELSEY was calm, responsive, and under Plaintiff's supervision, contradicting the allegation that the dog was "at large."

22. Prior to the citation, Plaintiff had made lawful complaints to Mohave County Animal Control regarding dangerous or nuisance animals in his neighborhood. Plaintiff's complaints were made in good faith and concerned public-safety issues within his community.

23. Plaintiff timely served a Notice of Claim on Mohave County on November 25, 2025, pursuant to A.R.S. § 12-821.01. The Notice of Claim is referenced solely for the purpose of demonstrating compliance with Arizona's statutory pre-suit requirements.

24. On October 8, 2025, the Mohave County Attorney's Office formally charged Plaintiff with a criminal violation based on the citation. The charging decision was made despite the absence of probable cause, the existence of exculpatory eyewitness evidence, and the clear service-animal context.

25. Plaintiff was required to appear in Mohave County Justice Court, where he faced criminal prosecution for conduct that did not occur and that was inconsistent with his disability-related rights under federal law.

26. On January 6, 2026, Plaintiff entered into a Deferred Prosecution Agreement with the Mohave County Attorney's Office. The Agreement provides that the charge will be dismissed with prejudice upon completion of certain conditions, reflecting the County's inability to substantiate the allegation.

27. In his Statement of Accountability, Plaintiff explained that the charge arose from a single photographic frame taken out of context and that ELSEY was never unsupervised or "at large." Plaintiff did not admit wrongdoing but acknowledged the procedural posture necessary to

resolve the matter

28. As a result of Defendants' actions, Plaintiff suffered significant emotional distress, anxiety, and exacerbation of disability-related symptoms. The enforcement actions interfered with Plaintiff's ability to safely and effectively train and utilize his service animal, caused fear of further retaliatory enforcement, and chilled his exercise of federally protected rights.

29. Defendants' conduct, including discriminatory enforcement, retaliation for protected activity, disregard of disability-related accommodations, and reliance on misleading or incomplete evidence, occurred under color of state law and pursuant to Mohave County's policies, customs, practices, or failures in training and supervision.

30. Upon information and belief, Mohave County Animal Control and Sheriff's Office personnel routinely decline to issue "Dog at Large" citations in circumstances where non-disabled individuals momentarily allow their pets to move within a short radius or remain in proximity without a physical leash, provided the owner is present and exercising supervision. The decision to issue a criminal citation to Plaintiff, despite his continuous supervision of a trained service animal and the presence of exculpatory eyewitnesses, constituted a departure from ordinary enforcement practices and supports a reasonable inference of discriminatory and selectively punitive treatment based on Plaintiff's disability and service-animal use.

## COUNT I
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12132
***(Against Defendant Mohave County)***

31. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

32. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. Plaintiff's disabilities substantially limit one or more major life activities, including mobility, stress-response regulation, and

functioning during PTSD-related episodes.

33. Plaintiff utilizes a trained service animal, ELSEY, to mitigate the effects of his disabilities. ELSEY performs disability-related tasks including grounding, mobility assistance, and interruption of PTSD-related symptoms. Plaintiff maintains continuous supervision and control of ELSEY through accepted service-animal handling practices.

34. Defendant Mohave County is a "public entity" within the meaning of 42 U.S.C. § 12131(1), and is therefore subject to the requirements of Title II of the ADA.

35. Title II of the ADA prohibits public entities from excluding qualified individuals with disabilities from participation in, or denying them the benefits of, the services, programs, or activities of the public entity, or otherwise subjecting them to discrimination. 42 U.S.C. § 12132.

36. Mohave County, through its departments and employees, including Mohave County Animal Control and the Mohave County Sheriff's Office, enforced a neutral animal-control ordinance in a discriminatory and selectively punitive manner against Plaintiff because he uses a service animal and because of disability-related behaviors associated with service-animal training and handling.

37. At the time of the alleged incident, Plaintiff was present, supervising ELSEY, and maintaining control of his service animal. Multiple eyewitnesses, including witnesses Stroud and King, observed that ELSEY was not roaming, was not unsupervised, and was not behaving aggressively or in violation of any animal-control laws.

38. Despite the absence of any violation, Mohave County personnel issued a criminal citation based solely on a single photographic frame taken out of context, disregarding eyewitness accounts and the service-animal context. The County then pursued criminal charges despite the lack of probable cause and despite exculpatory evidence.

39. Mohave County's actions interfered with Plaintiff's ability to utilize his service

animal, a right expressly protected under the ADA and its implementing regulations, including 28 C.F.R. §§ 35.130(b)(7), 35.136, and 35.149.

40. Mohave County failed to reasonably modify its policies, practices, or procedures to avoid discrimination on the basis of disability, including by:

a. failing to recognize or accommodate Plaintiff's lawful use of a service animal;

b. misapplying animal-control ordinances to conduct protected under federal disability law;

c. disregarding disability-related evidence and eyewitness accounts; and

d. pursuing enforcement actions in a manner inconsistent with neutral, nondiscriminatory practices.

41. Mohave County's actions constitute discrimination, denial of benefits, and failure to accommodate under Title II of the ADA. The County's conduct also constitutes interference, coercion, and retaliation prohibited by 28 C.F.R. § 35.134.

42. As a direct and proximate result of Mohave County's violations of Title II of the ADA, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and his ability to safely and effectively utilize his service animal was significantly impaired.

43. Plaintiff is entitled to compensatory damages, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## COUNT II
## <u>VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973</u>
## <u>29 U.S.C. § 794</u>
***(Against Defendant Mohave County)***

44. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

45. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

individual with a disability… shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.” 29 U.S.C. § 794(a).

46. Plaintiff is an individual with a disability within the meaning of Section 504. Plaintiff’s disabilities substantially limit major life activities including mobility, stress-response regulation, and functioning during PTSD-related episodes.

47. Plaintiff is otherwise qualified to participate in and benefit from Mohave County’s programs, services, and activities, including law-enforcement services, animal-control services, and public-safety functions.

48. Defendant Mohave County receives federal financial assistance within the meaning of Section 504, including but not limited to federal grants, programmatic funding, and federal pass-through funds supporting County operations, law-enforcement functions, and animal-control activities.

49. At all relevant times, Plaintiff utilized a trained service animal, ELSEY, to mitigate the effects of his disabilities. ELSEY performs disability-related tasks including grounding, mobility assistance, and interruption of PTSD-related symptoms. Plaintiff maintains continuous supervision and control of ELSEY through accepted service-animal handling practices.

50. On or about September 21, 2025, Mohave County personnel, including Deputy Weaver of the Mohave County Sheriff’s Office, issued Plaintiff a “Dog at Large” citation based solely on a single photographic frame taken out of context, despite Plaintiff’s presence, supervision, and control of his service animal.

51. Multiple eyewitnesses, including witnesses Stroud and King, observed that ELSEY was not roaming, was not unsupervised, and was not behaving aggressively or in violation of any animal-control laws. Mohave County personnel disregarded this exculpatory evidence.

52. Mohave County subsequently pursued criminal charges against Plaintiff despite the absence of probable cause, the existence of exculpatory eyewitness accounts, and the clear service-animal context. The County's actions were inconsistent with neutral enforcement practices and disproportionately targeted Plaintiff because of disability-related conduct associated with service-animal use and training.

53. Mohave County failed to reasonably modify its policies, practices, or procedures to avoid discrimination on the basis of disability, including by:

a. misapplying animal-control ordinances to conduct protected under federal disability law;
b. failing to consider or accommodate Plaintiff's lawful use of a service animal;
c. disregarding disability-related evidence and eyewitness accounts; and
d. enforcing ordinances in a manner that disproportionately burdened Plaintiff because of his disability and service-animal use.

54. Mohave County's actions excluded Plaintiff from participation in, denied him the benefits of, and subjected him to discrimination under County programs and activities, including law-enforcement and animal-control services, solely by reason of his disability, in violation of Section 504.

55. As a direct and proximate result of Mohave County's violations of Section 504, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and his ability to safely and effectively utilize his service animal was significantly impaired.

56. Plaintiff is entitled to compensatory damages, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983 – FOURTH AMENDMENT

**Unreasonable Seizure / Lack of Probable Cause**
***(Against Deputy Weaver in his Individual Capacity and Mohave County Sheriff's Office Doe Defendants)***

57. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

58. 42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States.

59. The Fourth Amendment, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable seizures, including seizures effectuated through criminal citations, charging decisions, and compelled court appearances unsupported by probable cause.

60. A criminal citation constitutes a seizure under the Fourth Amendment when, as here, it initiates criminal proceedings, compels a defendant's appearance in court, and subjects the individual to the control and authority of the criminal justice system.

61. On or about September 21, 2025, Deputy Weaver (Badge RA404), acting under color of state law and within the scope of his employment with the Mohave County Sheriff's Office, issued Plaintiff a criminal "Dog at Large" citation alleging a violation of Mohave County ordinances.

62. At the time the citation was issued, no facts existed that would lead a reasonable officer to believe that Plaintiff had committed any offense. Plaintiff was present, supervising ELSEY, and maintaining control of his service animal. Multiple eyewitnesses, including witnesses Stroud and King, observed that ELSEY was not roaming, was not unsupervised, and was not behaving aggressively or in violation of any animal-control laws.

63. Deputy Weaver issued the citation based solely on a single photographic frame taken out of context and without conducting a reasonable investigation, interviewing witnesses, or

verifying whether Plaintiff's service animal was actually "at large."

64. The citation was issued without probable cause, as the facts known to Deputy Weaver at the time would not warrant a prudent officer in believing that Plaintiff had violated any animal-control ordinance.

65. Following issuance of the citation, Mohave County Sheriff's Office Doe Defendants 1–5 participated in, contributed to, or failed to prevent the continuation of the unlawful seizure by forwarding the citation for prosecution, disregarding exculpatory evidence, and failing to correct the absence of probable cause.

66. On October 8, 2025, the Mohave County Attorney's Office formally charged Plaintiff with a criminal violation based on the citation. Plaintiff was compelled to appear in Mohave County Justice Court and defend against a baseless criminal prosecution, further extending the unlawful seizure.

67. The criminal charge was ultimately resolved through a Deferred Prosecution Agreement on January 6, 2026, reflecting the County's inability to substantiate the allegation and further demonstrating the absence of probable cause at the time of the initial seizure.

68. Deputy Weaver and the Doe Defendants acted intentionally, recklessly, or with deliberate indifference to Plaintiff's constitutional rights by issuing and pursuing a criminal citation unsupported by probable cause.

69. As a direct and proximate result of Defendants' Fourth Amendment violations, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and was forced to expend time, resources, and energy defending against an unlawful criminal charge.

70. Plaintiff is entitled to compensatory damages, punitive damages against Deputy Weaver and Doe Defendants in their individual capacities, and reasonable attorneys' fees and costs

pursuant to 42 U.S.C. § 1988.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION**
***(Against Mohave County Animal Control Doe Defendants and Mohave County Sheriff's Office Doe Defendants in their Individual Capacities)***

71. Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

72. The First Amendment to the United States Constitution protects individuals from retaliation by government officials for engaging in constitutionally protected speech, including the right to petition the government for redress of grievances.

73. To state a claim for First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must allege:

a. he engaged in protected speech;

b. the defendant took adverse action that would chill a person of ordinary firmness from continuing to engage in that speech; and

c. the adverse action was substantially motivated by the plaintiff's protected conduct.

74. Prior to the events giving rise to this lawsuit, Plaintiff engaged in constitutionally protected activity by submitting lawful complaints to Mohave County Animal Control regarding dangerous or nuisance animals in his neighborhood. Plaintiff's complaints were made in good faith and constituted protected speech and petitioning activity under the First Amendment.

75. Upon information and belief, Mohave County Animal Control personnel and Mohave County Sheriff's Office personnel became aware of Plaintiff's complaints and were displeased with Plaintiff's continued efforts to seek enforcement action and accountability regarding animal-control issues in his community.

76. Shortly after Plaintiff's protected complaints, Mohave County personnel, including

Animal Control Doe Defendants and Sheriff's Office Doe Defendants, took adverse enforcement action against Plaintiff by issuing and pursuing a baseless "Dog at Large" citation, despite the absence of any violation and despite exculpatory eyewitness evidence.

77. The citation was issued based solely on a single photographic frame taken out of context, without reasonable investigation, and in disregard of the fact that Plaintiff was present, supervising ELSEY, and maintaining control of his service animal.

78. The subsequent decision to forward the citation for prosecution, and the County's pursuit of criminal charges despite the lack of probable cause, constituted additional adverse actions that would chill a person of ordinary firmness from continuing to engage in protected speech.

79. The temporal proximity between Plaintiff's protected complaints and the issuance of the citation, combined with the absence of probable cause and the disregard of exculpatory evidence, supports a reasonable inference that the adverse actions were substantially motivated by Plaintiff's protected activity.

80. The retaliatory motive is further evidenced by the abrupt shift in Defendants' treatment of Plaintiff immediately following his lawful complaints to Animal Control. Prior to Plaintiff's protected activity, no Mohave County personnel had ever cited or warned Plaintiff regarding ELSEY's conduct. Only after Plaintiff sought enforcement action against nuisance animals in his neighborhood did County personnel initiate an enforcement action against him based on a single, context-less photograph, disregarding eyewitness accounts and standard investigative procedures. This deviation from normal practice supports a reasonable inference that retaliation was a substantial motivating factor.

81. The retaliatory enforcement actions taken by the Doe Defendants were undertaken under color of state law and within the scope of their employment with Mohave County Animal

Control and the Mohave County Sheriff's Office.

82. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and his ability to safely and effectively utilize his service animal was significantly impaired. Plaintiff was also forced to expend time, resources, and energy defending against an unlawful criminal charge.

83. Plaintiff is entitled to compensatory damages, punitive damages against the individual Doe Defendants, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT V**
**42 U.S.C. § 1983 – MUNICIPAL LIABILITY (MONELL)**
***(Against Mohave County, Arizona)***

84. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

85. Defendant Mohave County is a "person" within the meaning of 42 U.S.C. § 1983 and is liable for constitutional violations caused by its policies, customs, practices, and failures in training and supervision.

86. Mohave County maintains a widespread custom and practice of selectively enforcing animal-control ordinances in a manner that disproportionately burdens individuals with disabilities who utilize service animals.

87. This custom includes:

a. issuing citations based on incomplete or misleading evidence;

b. disregarding exculpatory eyewitness accounts;

c. misapplying "dog at large" ordinances to supervised service animals;

d. escalating enforcement against individuals who make lawful complaints to County agencies.

88. The citation issued to Plaintiff, based solely on a single photographic frame and contrary to eyewitness observations, was consistent with this custom and practice.

89. Additionally, Mohave County failed to adequately **train** and **supervise** its law-enforcement and animal-control personnel regarding:

a. federal disability-rights laws (ADA, Section 504);

b. lawful use and supervision of service animals;

c. proper investigation standards before issuing citations;

d. the constitutional requirement of probable cause.

90. The need for such training was obvious, and the consequences of failing to provide it, unlawful citations, discriminatory enforcement, and constitutional violations, were highly predictable.

91. Deputy Weaver's issuance of a citation without probable cause, and the forwarding of that citation for prosecution despite exculpatory evidence, were direct results of Mohave County's inadequate training and supervision.

92. Under Arizona law, Mohave County's final policymakers for law-enforcement and animal-control matters include the Sheriff and senior County officials responsible for reviewing, approving, or declining to correct enforcement actions.

93. These final policymakers ratified the unconstitutional conduct by:

a. accepting and processing the citation despite the absence of probable cause;

b. disregarding eyewitness accounts contradicting the alleged violation;

c. approving the forwarding of the citation for criminal prosecution;

d. failing to discipline or correct personnel for the unlawful enforcement action.

94. This ratification constitutes an official County policy for purposes of Monell liability.

95. Upon information and belief, Mohave County has received prior complaints from residents regarding inconsistent or retaliatory enforcement of animal-control ordinances, including complaints alleging that citations were issued without adequate investigation or in disregard of disability-related circumstances. Despite these complaints, Mohave County failed to implement corrective training, failed to discipline personnel for improper enforcement actions, and continued to permit discretionary enforcement practices that disproportionately burden individuals with disabilities who rely on service animals. This longstanding pattern of inaction and tolerance constitutes a County-wide custom sufficient to establish Monell liability.

96. Mohave County's policies, customs, practices, and failures in training and supervision were the moving force behind the constitutional violations suffered by Plaintiff, including the unlawful seizure, retaliatory enforcement, and interference with Plaintiff's disability-related rights.

97. As a direct and proximate result of Mohave County's Monell-based conduct, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and was forced to defend against a baseless criminal charge.

98. Plaintiff is entitled to compensatory damages, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT VI
## ABUSE OF PROCESS (ARIZONA COMMON LAW)
***(Against Deputy Weaver and Mohave County Animal Control / Sheriff's Office Doe Defendants in their Individual Capacities)***

99. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

100. Under Arizona law, abuse of process occurs when:

a. a defendant uses a judicial process;

b. for a purpose other than that for which the process was designed;

c. with an ulterior motive; and

d. the plaintiff suffers damages as a result.

101. On or about September 21, 2025, Deputy Weaver, acting under color of state law and within the scope of his employment with the Mohave County Sheriff's Office, issued Plaintiff a criminal "Dog at Large" citation. This citation initiated a judicial process, compelling Plaintiff to appear in Mohave County Justice Court and defend against a criminal charge.

102. At the time the citation was issued, no probable cause existed. Plaintiff was present, supervising ELSEY, and maintaining control of his service animal. Multiple eyewitnesses observed that ELSEY was not roaming, was not unsupervised, and was not violating any animal-control laws.

103. Despite the absence of probable cause, Deputy Weaver issued the citation based solely on a single photographic frame taken out of context, without conducting a reasonable investigation, interviewing witnesses, or verifying the alleged violation.

104. After issuance of the citation, Mohave County Animal Control and Sheriff's Office Doe Defendants participated in or failed to prevent the continued misuse of process by forwarding the citation for prosecution, disregarding exculpatory evidence, and failing to correct the absence of probable cause.

105. The judicial process was used for a purpose other than its intended function, including:

a. retaliating against Plaintiff for making lawful complaints to Mohave County Animal Control;

b. punishing Plaintiff for disability-related conduct associated with service-animal use;

c. deterring Plaintiff from exercising his rights to seek enforcement of

animal-control laws; and

d. coercing Plaintiff into compliance or silence through the threat of criminal prosecution.

106. These actions demonstrate an ulterior motive, as the citation and prosecution were not pursued to enforce a legitimate ordinance violation, but rather to retaliate against and silence Plaintiff for engaging in protected activity and for asserting disability-related rights.

107. The misuse of process continued when the Mohave County Attorney's Office formally charged Plaintiff on October 8, 2025, despite the absence of probable cause and the existence of exculpatory eyewitness evidence.

108. Plaintiff was compelled to appear in court, defend against a baseless criminal charge, and ultimately enter into a Deferred Prosecution Agreement on January 6, 2026, which provided for dismissal with prejudice upon completion of certain conditions, further demonstrating the County's inability to substantiate the allegation.

109. As a direct and proximate result of Defendants' abuse of process, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and was forced to expend time, resources, and energy defending against an unlawful criminal charge.

110. Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and all other relief deemed just and proper under Arizona law.

**COUNT VII**
**MALICIOUS PROSECUTION (ARIZONA COMMON LAW)**
***(Against Deputy Weaver and Mohave County Animal Control / Sheriff's Office Doe Defendants in their Individual Capacities)***

111. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

112. Under Arizona law, a claim for malicious prosecution requires:

a. a criminal prosecution initiated by the defendant;

b. without probable cause;

c. with malice;

d. terminated in the plaintiff's favor; and

e. resulting in damages.

113. On or about September 21, 2025, Deputy Weaver, acting under color of state law and within the scope of his employment with the Mohave County Sheriff's Office, issued Plaintiff a criminal "Dog at Large" citation alleging a violation of Mohave County ordinances.

114. The citation was forwarded to the Mohave County Attorney's Office by Sheriff's Office and Animal Control Doe Defendants, who participated in or failed to prevent the initiation of criminal proceedings against Plaintiff.

115. On October 8, 2025, the Mohave County Attorney's Office formally initiated a criminal prosecution against Plaintiff based on the citation. Plaintiff was compelled to appear in Mohave County Justice Court and defend against the charge.

116. At the time the citation was issued and the prosecution initiated, no probable cause existed. Plaintiff was present, supervising ELSEY, and maintaining control of his service animal. Multiple eyewitnesses, including witnesses Stroud and King, observed that ELSEY was not roaming, was not unsupervised, and was not violating any animal-control laws.

117. Deputy Weaver issued the citation based solely on a single photographic frame taken out of context, without conducting a reasonable investigation, interviewing witnesses, or verifying the alleged violation.

118. Despite the absence of probable cause and the existence of exculpatory eyewitness evidence, Sheriff's Office and Animal Control Doe Defendants forwarded the citation for prosecution, disregarding the clear lack of factual basis for any criminal charge.

119. Defendants acted with malice, as evidenced by:

a. the retaliatory context following Plaintiff's lawful complaints to Mohave County Animal Control;

b. the disregard of exculpatory evidence;

c. the decision to pursue criminal charges despite the absence of any ordinance violation; and

d. the use of criminal process to punish, silence, or deter Plaintiff from exercising protected rights.

120. The absence of probable cause was so clear, and the retaliatory context so pronounced, that no reasonable officer could have believed that Plaintiff committed any violation. Defendants' decision to pursue criminal charges despite eyewitness accounts, disability-related context, and the lack of any ordinance violation demonstrates malice, ill-will, and a purpose unrelated to legitimate law-enforcement objectives. Defendants' conduct was motivated by hostility toward Plaintiff's protected complaints and his disability-related use of a service animal, further supporting the malice element of malicious prosecution.

121. The criminal case was ultimately resolved through a Deferred Prosecution Agreement on January 6, 2026, which provides for dismissal with prejudice upon completion of certain conditions. This constitutes a favorable termination under Arizona law.

122. The County's inability to substantiate the allegation, combined with the dismissal with prejudice, further demonstrates the absence of probable cause at the time the prosecution was initiated.

123. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and was forced to expend time, resources, and energy defending against a baseless criminal charge.

124. Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and all other relief deemed just and proper under Arizona law.

**COUNT VIII**
**NEGLIGENT TRAINING AND SUPERVISION (ARIZONA COMMON LAW)**
***(Against Mohave County, Arizona)***

125. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

126. Under Arizona law, an employer is liable for negligent training and supervision when it knew or should have known that its employees posed an unreasonable risk of harm to others due to inadequate training, inadequate supervision, or both.

127. At all relevant times, Mohave County employed Deputy Weaver, Mohave County Animal Control personnel, and Mohave County Sheriff's Office personnel who were responsible for enforcing animal-control ordinances, conducting investigations, issuing citations, and forwarding matters for criminal prosecution.

128. Mohave County owed a duty of reasonable care to train and supervise its employees to ensure that they:

a. understood and complied with federal disability-rights laws, including the ADA and Section 504;

b. properly evaluated and recognized lawful service-animal use;

c. conducted reasonable investigations before issuing citations;

d. understood and applied probable-cause standards; and

e. avoided discriminatory or retaliatory enforcement practices.

129. Mohave County breached this duty by failing to provide adequate training and supervision regarding:

a. lawful service-animal handling and disability accommodations;

b. the limits of animal-control ordinances;

c. the constitutional requirement of probable cause;

d. proper investigative procedures; and

e. the prohibition against retaliatory enforcement.

130. The need for such training was obvious, as County personnel routinely interact with individuals with disabilities, service animals, and situations requiring probable-cause determinations. The risk of harm from inadequate training was foreseeable and substantial.

131. Mohave County knew or should have known that its employees were inadequately trained and supervised, as evidenced by:

a. repeated misapplication of animal-control ordinances;

b. disregard of exculpatory eyewitness evidence;

c. reliance on incomplete or misleading information;

d. escalation of enforcement following Plaintiff's lawful complaints; and

e. pursuit of criminal charges unsupported by probable cause.

132. As a direct result of Mohave County's negligent training and supervision, Deputy Weaver and Doe Defendants issued and pursued a baseless criminal citation against Plaintiff, forwarded the citation for prosecution, disregarded exculpatory evidence, and initiated a criminal case without probable cause.

133. These actions were the foreseeable and natural consequence of Mohave County's failure to properly train and supervise its personnel.

134. As a direct and proximate result of Mohave County's negligence, Plaintiff suffered emotional distress, anxiety, humiliation, and exacerbation of disability-related symptoms, and was forced to expend time, resources, and energy defending against a baseless criminal charge.

135. The harms suffered by Plaintiff, including emotional distress, anxiety, exacerbation

of PTSD-related symptoms, and disruption of his ability to safely utilize and train his service animal, were the foreseeable and natural consequences of Mohave County's failure to train and supervise its personnel regarding disability-rights compliance, probable-cause standards, and proper investigative procedures. Had Mohave County implemented even minimal training or oversight, the baseless citation and ensuing criminal prosecution would not have occurred.

136. Plaintiff is entitled to compensatory damages and all other relief deemed just and proper under Arizona law.

## PRAYER FOR RELIEF

137. **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiff, STEPHEN CHARLES EDGECOMB, demands judgment against Defendants MOHAVE COUNTY, DEPUTY WEAVER, and DOE DEFENDANTS 1–10, and in the alternative, for general, compensatory, and punitive damages, reasonable attorneys' fees and costs of suit with interest pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794a, together with declaratory and injunctive relief as permitted by law, and any further relief which the Court may deem equitable and just.

## JURY DEMAND

138. Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## CERTIFICATION

139. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LLG NATIONAL LAW GROUP**

Dated: August 5, 2026

BLAKE WILKIE, ESQ.
State Bar No.: 034028
Phoenix Corporate Tower
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012
Phone: 602.960.9400
Fax: 707.215.3600
blake.wilkie12@gmail.com
*Attorney for Plaintiff*